UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FILED
FEB 18 2021
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Cause No. 3:21-cr-4 -RLY-MPB-01 |
| WESLEY E. TRAFFORD, | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury charges that:

COUNT 1
18 U.S.C. § 2251(a)
Production and Attempted Production of Sexually Explicit Material Involving Minors

On or about February 17, 2018, in the Southern District of Indiana, WESLEY E. TRAFFORD, the defendant herein, knowingly employed, used, persuaded, induced, enticed, and coerced Minor Female A, a person under the age of eighteen known to the Grand Jury, to engage in sexually explicit conduct, and attempted to do so, for the purpose of producing visual depictions of such conduct and the visual depictions were produced using materials that had been mailed, shipped or transported in interstate or foreign commerce, by any means, including by computer, to wit: using an internet based social networking application, WESLEY E. TRAFFORD communicated with Minor Female A and persuaded, induced, enticed, and coerced Minor Female A to produce still images of Minor Female A engaging in sexually explicit conduct as defined by Title 18, United States Code, Section 2256(2), and to share the sexually

[1]

explicit images with him after they were produced using a Samsung, model Galaxy S5, cellular telephone that was manufactured outside of the United States.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT 2
18 U.S.C. § 2252(a)(2)
Distribution of Sexually Explicit Material Involving Minors

On or about February 24, 2018, in the Southern District of Indiana, and elsewhere, WESLEY E. TRAFFORD, the defendant herein, knowingly distributed and attempted to distribute any visual depictions using any means or facility of interstate or foreign commerce, and knowingly distributed and attempted to distribute any visual depictions that had been mailed, or had been shipped or transported in interstate or foreign commerce, or which were produced using materials which had been mailed or so shipped or transported, by any means, including by computer, and the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, to wit: WESLEY E. TRAFFORD knowingly distributed and attempted to distribute images depicting Minor Female A, a person under the age of eighteen known to the Grand Jury, engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), by sending the images to another person using a software application that allows for internet based file sharing using a ZTE, model GSM Z981, ZMax Pro cellular telephone manufactured outside of the United States that TRAFFORD operated in the Southern District of Indiana.

In violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).

# FORFEITURE ALLEGATIONS

1. In accordance with Rule 32.2 of the Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the defendant that it will seek forfeiture of property pursuant to 18 U.S.C. § 2253 as part of any sentence imposed.

2. Pursuant to 18 U.S.C. § 2253, if convicted of one or more of the offenses set forth in this Indictment, the defendant shall forfeit to the United States all right, title and interest the defendant has in:

   A. any visual depictions described in 18, U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depictions, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

   B. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses of which the defendant is convicted, or a sum of money equal to the total amount of traceable gross profits (money judgment); and

   C. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses of which the defendant is convicted, or any property traceable to such property.

3. The property subject to forfeiture includes, but is not necessarily limited to:

   A. One ZTE, model GSM Z981, ZMax Pro cellular phone;

   B. all component parts of the described device;

   C. all images of child pornography and/or child erotica the defendant acquired through, and/or used to facilitate, his commission of child sexual exploitation offenses in violation of 18 U.S.C. § 2251; and

   D. all tangible and intangible property rights, including but not limited to copyrights, in all images of child pornography and/ or child erotica the defendant acquired through, and/or used to facilitate, his commission of child sexual exploitation offenses in violation of 18 U.S.C. § 2251.

4.  The United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853, and as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c), up to the value of any property described above in paragraph 3, if by act or omission of the defendant, the property described in paragraph 3, or any portion thereof:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third party;

    C.    has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be divided without difficulty.

5.  In addition, the United States may seek civil forfeiture of the property described above in paragraph 3 pursuant to 18 U.S.C. § 2254.



A TRUE BILL

JOHN E. CHILDRESS
Acting United States Attorney

by: _____
Todd S. Shellenbarger
Assistant United States Attorney